UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO GARCIA,<br><br>                Petitioner,<br><br>      v.<br><br>W.L. MONTGOMERY,<br><br>                Respondent. | Case No. 2:22-cv-06737-MEMF (MAR)<br><br>**MEMORANDUM AND ORDER DISMISSING CASE** |

## I.

## **INTRODUCTION**

On September 5, 2022, Petitioner Ricardo Garcia ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition"). ECF Docket No. ("Dkt.") 1.[2] On September 21, 2022, this Court issued an Order explaining that the Petition appeared unexhausted, and that, from the context of the Petition, it appears that Petitioner may have intended to file the Petition in state court. Dkt. 4. The Order directed Petitioner to clarify his intention. Id. Petitioner did not respond. On November 7, 2022, the Court issued an Order to

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] All citations to electronically filed documents refer to the CM/ECF pagination.

1  Show Cause why the Petition should not be dismissed for failure to state a claim and for failure
2  to comply with a court order. Dkt. 6.
3      To date, Petitioner has not responded to any of the Court's Orders. In addition, the
4  Petition's sole claim appears to be included in Petitioner's other habeas petition pending before
5  this Court. For the reasons below, the Court **DISMISSES** this action, without prejudice.

## II.
## BACKGROUND

8      On September 5, 2022, Petitioner constructively filed the instant Petition. Dkt. 1. The
9  Petition is addressed to the Los Angeles Superior Court, written on a California habeas petition
10 form, and uses the term "this court" to reference another case pending in Los Angeles Superior
11 Court. Id. Furthermore, the Petition's sole claim is included in Petitioner's other habeas petition
12 pending in this Court. Compare id. with Ricardo Garcia v. Montgomery, Case No. 2:22-cv-
13 01209-HDV-MAR, Dkt. 1. In that case, the Court stayed the action so that Petitioner could
14 exhaust the claim in state court.[3] Ricardo Garcia v. Montgomery, Case No. 2:22-cv-01209-
15 HDV-MAR, Dkt. 22 (C.D. Cal. August 3, 2022). It seems reasonable to infer from these facts
16 that Petitioner intended to file this Petition in state court.
17     On September 21, 2022, this Court issued an Order explaining that the Petition appeared
18 unexhausted, and that, from the context of the Petition, it appears that Petitioner may have
19 intended to file the Petition in state court. Dkt. 4. The Order directed Petitioner to clarify his
20 intention. Id. The Order also warned Petitioner that "**failure to file a timely response to this
21 Order as directed above will result in a recommendation that this action be dismissed with
22 prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of
23 Civil Procedure 41(b).**" Id. (emphasis in original). Petitioner did not respond.
24     On November 7, 2022, the Court issued an Order to Show Cause why the Petition should
25 not be dismissed for failure to state a claim and for failure to comply with a court order. Dkt. 6.
26 The Court again warned that "**[f]ailure to file a timely submission as directed above will**

---

28 [3] The Court notes that the 22-CV-1209 matter has since been transferred from the calendar of Judge Maame Ewusi-Mensah Frimpong to the calendar of Judge Hernan D. Vera for all further proceedings.

2

1  **result in a recommendation that this action be dismissed for failure to prosecute and obey**
2  **Court orders pursuant to Federal Rule of Civil Procedure 41(b)."** Id. (emphasis in original).
3  　　　To date, Petitioner has failed to respond to the Court's Orders, nor has he requested an
4  extension of time to do so.

## III.

## DISCUSSION

### A.   TO THE EXTENT THE PETITION COULD BE CONSTRUED AS A MOTION TO AMEND, IT IS DENIED

　　　Typically, when a pro se petitioner files a habeas petition when one is already pending, the district court construes the second petition as a motion to amend the first petition. Goodrum v. Busby, 824 F.3d 1188, 1192 (9th Cir. 2016); see also Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (holding second pro se habeas petition filed while first pro se habeas was pending should have been treated as a motion to amend the first petition). "In such a situation, all things being equal, the district court will join the two petitions together and allow the petitioner to proceed on all of his claims." Vigeant v. Baughman, No. CV 18-8798-GW (PJW), 2019 WL 1578381, at *2 (C.D. Cal. Feb. 14, 2019), report and recommendation adopted, No. CV 18-8798-GW (PJW), 2019 WL 6618920 (C.D. Cal. Dec. 2, 2019).

　　　Here, however, the sole claim in the instant Petition is already included in the first petition pending in Case No. 2:22-cv-01209-HDV-MAR. Compare id. with Ricardo Garcia v. Montgomery, Case No. 2:22-cv-01209-HDV-MAR, Dkt. 1. Accordingly, joining the two (2) petitions together would have no effect—in fact, dismissing the instant Petition would also have no effect. Accordingly, to the extent the Petition could be construed as a Motion to Amend, it should be denied as futile.

### B.   IN THE ALTERNATIVE, THE ACTION SHOULD BE DISMISSED FOR FAILRE TO COMPLY WITH COURT ORDERS

#### 1.   Applicable law

　　　District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626,

3

629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 641–45 (9th Cir. 2002) (district court may dismiss habeas petition for failure to obey court order or failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

**2.      Analysis**

      **a.      The public's interest in expeditious resolution of litigation**

In the instant action, the public's interest in expeditious resolution of litigation weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, above) (internal quotation omitted)).  Petitioner has not responded to the Court's Orders.  In fact, Petitioner has not corresponded with the Court at all since he first filed his Petition on September 19, 2022.  Dkt. 1.  Given that Petitioner has failed to interact with the Court for over four (4) months, this factor weighs in favor of dismissal.  See Dkt. 1; see also Pagtalunan, 291 F.3d at

4

1  642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in
2  favor of dismissal).

### b. The Court's need to manage its docket

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

On September 21, 2022, this Court issued an Order directing Petitioner to clarify his intention. Dkt. 4. The Order also warned Petitioner that "**failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**." Id. (emphasis in original).

On November 7, 2022, after Petitioner failed to respond, the Court issued an OSC why the action should not be dismissed for failure to follow court orders. Dkt. 6. The Court again warned that failure to respond would result in dismissal. Id.

Petitioner has failed to respond to any of the Court's Orders, all of which warned Petitioner that his failure to comply could or would result in the dismissal of the action. See Dkts. 4, 6. Petitioner's failure to prosecute and follow Court Orders hinders the Court's ability to move this case toward disposition and suggests Petitioner does not intend to or cannot litigate this action diligently. Consequently, the Court's need to manage its docket favors dismissal here.

### c. The risk of prejudice to Defendant

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure

5

to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case. Petitioner has not provided any reason for his failure to respond to the Court's orders. Given the length of the delay, the Court finds Petitioner's delay in prosecuting this case to be unreasonable. Thus, prejudice is presumed and weighs in favor of dismissal. See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

### d. Public policy favoring disposition on the merits

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228. Here, as it usually does, the fourth factor weighs against dismissal. It is, however, Petitioner's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 4, 6. Furthermore, and importantly here, the sole claim included in this Petition will continue to be litigated in Petitioner's other habeas petition pending before this Court. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey Court Orders or to file responsive documents within the time granted.

### e. Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. See Malone, 833 F.2d at 132 n.1. Further, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can

6

satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citations omitted).

Here, the Court cannot move the case toward disposition without Petitioner's compliance with Court Orders or participation in this litigation. Petitioner has shown he is either unwilling or unable to comply with Court Orders by filing responsive documents or otherwise cooperating in prosecuting this action. Given this record, the Court finds that any less drastic alternatives to dismissal would be inadequate to remedy Petitioner's failures to obey Court Orders and to prosecute.

### f. Summary

Finally, while dismissal should not be entered unless Petitioner has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Petitioner about the potential dismissal in two (2) separate orders. See Dkts. 4, 6.

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal. Notably, dismissal in this case will not affect Petitioner's ability to litigate the merits of the sole claim in the Petition, as it is already pending before this Court in a separate Petition.[4] Accordingly, this action is subject to dismissal.

/ / /
/ / /
/ / /

---

[4] It should be noted that, on November 8, 2022, Petitioner submitted a status report in his other case, No. 2:22-cv-01209-HDV-MAR, along with exhibits showing that he has filed a petition in state court. Ricardo Garcia v. Montgomery, Case No. 2:22-cv-01209-HDV-MAR, Dkt. 24. Accordingly, regardless of whether Petitioner intended to file the instant Petition in state court, it would appear that he eventually successfully filed a petition in state court. It follows that any potential transfer would be unnecessary, further demonstrating that dismissing the instant case will not prejudice Petitioner.

IV.

**ORDER**

**IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

Dated: July 5, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge